# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAVON PIERCE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FRESNO FEDERAL COURT, et al.,<br><br>　　　　Defendants. | Case No.  1:15-cv-01910-LJO-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S REQUEST TO PROCEED** *IN FORMA PAUPERIS*<br><br>**(Doc. 5)**<br><br>**30-DAY DEADLINE** |

Plaintiff identifies this action as a "Petition to Compel under 28 U.S.C. § 1361" but his allegations make clear that he is attempting to pursue claimed violation of rights pursuant to 42 U.S.C. § 1983.  On January 12, 2016, Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which should be DENIED since Plaintiff has three strikes under that section and fails to show that he is in imminent danger of serious physical injury.

**A.  THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

Motions to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. This section reads, "In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

**B. DISCUSSION**

The Court may take judicial notice of its own records. *United States v. Howard*, 381 F.3d 873, 876 n.1 (9th Cir. 2004). Here, the Court takes judicial notice of Plaintiff's three prior actions: *Seavon Pierce v. Fernando Gonzales, et al.,* 1:10-cv-00285-JLT, which the Court dismissed on December 3, 2012 for failure to state a claim; *Seavon Pierce v. Lancaster State Prison,* 2:13-cv-08126, which the Court dismissed on December 3, 2013 as frivolous, malicious, and for failure to state a claim; and *Seavon Pierce v. Warden of Lancaster,* 2:13-cv-01939-UA-CW, which the Court on March 28, 2013 as frivolous, malicious, and for failure to state a claim. Plaintiff is thus subject to 28 U.S.C. § 1915(g) and is precluded from proceeding *in forma pauperis* in this action unless he has shown that at the time he filed this action, he was under imminent danger of serious physical injury.

The Court has reviewed Plaintiff's filings in this action (Docs. 1, 3, 9) and finds that he does not meet the imminent danger exception. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). In each of the petitions that Plaintiff has filed in this action, he lists himself and various entities as petitioners and a number of public and private entities as respondents. Further, while he lists a variety of rights he feels have been infringed, he fails to link any infringing action to any of the named defendants. In the first petition, Plaintiff complains that his First Amendment right "to communicate" is being impaired as he apparently is having difficulty corresponding with a variety of news and inmate entities and feels that his ability to send and receive mail is being impaired. (*See* Doc. 1.) In the second petition, Plaintiff complains again of difficulty corresponding with the other "petitioners," as well as an inability to obtain public records, and that his right to freedom of speech and expression are being impaired. (*See* Doc. 3.) In the third petition, Plaintiff complains that he has resisted being a part of the "California Informants," that the record in "*Pierce v. Gonzales, President Barack Obama,* 2011 U.S. Dist. Lexis 21888 (E.D. Cal. Feb. 17, 2011):13-15114 [sic]" has evidence of fraud, bribery, corruption, and concealment and, among other things, that he requests "complement under the defined law of 28 USC 4, to be enforced by the Department of Justice of Sacramento at : 4500 Orange Grove

Ave., Sacramento Cal. 95814." (*See* Doc. 9.) None of these allegations amount to Plaintiff being under an imminent danger at the time he filed this action.

Plaintiff therefore fails to allege specific facts indicating that he was under imminent danger at the time he filed this action. Based on the foregoing, the Court finds that Plaintiff fails to allege an imminent danger of serious physical injury necessary to bypass § 1915(g)'s restriction on filing suit without prepayment of the filing fee since he has accumulated three strikes. Accordingly, Plaintiff may not proceed *in forma pauperis* in this action and must submit the appropriate filing fee in order to proceed with this action.

## C. CONCLUSION and RECOMMENDATION

Based on the foregoing, the Court **RECOMMENDS** that Plaintiff's motion to proceed *in forma pauperis*, filed January 12, 2016 (Doc. 5), be **DENIED** and that Plaintiff be ordered to pay the filing fee in full.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 30 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 26, 2016**          /s/ Jennifer L. Thurston
                                          UNITED STATES MAGISTRATE JUDGE

3