# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAVON PIERCE,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>FRESNO FEDERAL COURT, et al.,<br><br>　　　　　　Defendants. | Case No.  1:15-cv-01910-LJO-JLT (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S REQUEST TO PROCEED** *IN FORMA PAUPERIS*<br><br>(**Docs. 5, 10**) |

　　　　Plaintiff, Seavon Pierce, is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On January 27, 2016, the Magistrate Judge issued a Finding and Recommendation ("the F&R") to deny Plaintiff's motion to proceed in forma pauperis in this action, finding that he was barred under 28 U.S.C. §1915(g) since Plaintiff had at least three strikes prior to the filing of this action and that Plaintiff failed to show that he was in imminent danger of serious physical injury at the time he filed suit.  (Doc. 10.)  This was served on Plaintiff and contained notice that objections to the F&R were due within thirty days.  (*Id.*)  Plaintiff filed timely objections.  (Doc. 11.)

　　　　As was accurately stated in the F&R, prisoners may not bring a civil action under 28 U.S.C. §1915(g) if they have, on three or more prior occasions, while incarcerated or detained, brought an action or appeal that was dismissed as frivolous, malicious, or for failure to state a

1

claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. Such dismissals are colloquially referred to as "strikes." As also accurately noted in the F&R, Plaintiff had at least three strikes[1] under section 1915(g) prior to filing this action. Thus, Plaintiff may only proceed under section 1915(g) if his allegations meet the imminent danger of serious physical injury exception.

The Ninth Circuit has stated that "requiring a prisoner to 'allege [ ] an ongoing danger' . . . is the most sensible way to interpret the immanency requirement." *Andrews v. Cervantes*, 493 F.3d 1047, 1056 (9th Cir.2007), citing *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir.2003). *Andrews* held that the imminent danger faced by the prisoner need not be limited to the time frame of the filing of the complaint, but may be satisfied by alleging a danger that is ongoing. *See Andrews* at 1053.

As found in the F&R, Plaintiff's petitions do not satisfy the imminent danger exception -- listing himself and various entities as petitioners and a number of public and private entities as respondents; listing a variety of rights he feels have been infringed such as a First Amendment right "to communicate" via the U.S. mail is being impaired because Plaintiff is having difficulty corresponding with a variety of news and inmate entities (*see* Doc. 1); difficulty corresponding with the entities and individuals listed as "petitioners," as well as an inability to obtain public records, and that his right to freedom of speech and expression are being impaired (*see* Doc. 3); and that he has evidence of fraud, bribery, corruption, and concealment (see Doc. 9). In his objections, Plaintiff indicates that he intended to file his Petitions in the Ninth Circuit Appellate Court and that this Court has "illegally received the action here defined sent to the 9th Circuit Court of Appeals." (Doc. 11, p. 1.) However, all of Plaintiff's initial filings (which he titled as "petitions") show that he intended to file this action in this Court as they reflect headers of "Eastern District Court of California" (Doc. 1); "Eastern District Court of Fresno California"

---

[1] *See Seavon Pierce v. Fernando Gonzales, et al.,* 1:10-cv-00285-JLT, which the Court dismissed on December 3, 2012 for failure to state a claim; *Seavon Pierce v. Lancaster State Prison,* 2:13-cv-08126, which the Court dismissed on December 3, 2013 as frivolous, malicious, and for failure to state a claim; and *Seavon Pierce v. Warden of Lancaster,* 2:13-cv-01939-UA-CW, which the Court on March 28, 2013 as frivolous, malicious, and for failure to state a claim.

(Doc. 3); and "Eastern District Court of Fresno" (Doc. 3).  Plaintiff neither argues, nor cites authority to show either that any of his allegations meet the imminent danger requirement or that he is entitled to be granted *in forma pauperis* status in this action and the Court finds none.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the F&R to be supported by the record and by proper analysis.  Plaintiff does not satisfy the imminent danger exception to section 1915(g).  *See Andrews*, 493 F.3d at 1055-56.  Therefore, Plaintiff must pay the $400.00 filing fee if he wishes to litigate the claims he raises in this action.

Accordingly, IT IS HEREBY ORDERED that:

1. the Finding and Recommendation, filed January 27, 2016 (Doc. 10), is adopted in full;
2. Within thirty days from the date of service of this order, Plaintiff is required to pay the $400.00 filing fee for this action in full; and
3. Plaintiff's failure to comply with this order shall result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   **March 3, 2016**              /s/ Lawrence J. O'Neill
                                                                  UNITED STATES DISTRICT JUDGE