UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAVON PIERCE,<br><br>              Plaintiff,<br><br>       v.<br><br>FRESNO FEDERAL COURT, et al ,<br><br>              Defendants. | No. 1:15-cv-01910-LJO-JLT (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING *IN FORMA PAUPERIS APPLICATION*<br><br>(Doc. 13) |

   Plaintiff, Seavon Pierce, a state prisoner proceeding *pro se*, filed this civil rights action on November 30, 2015.  On January 27, 2016, a findings and recommendation to deny plaintiff's application to proceed in *in forma pauperis* issued.  (Doc. 10.)  Plaintiff filed objections (Doc. 11) which were considered in the order that issued on March 3, 2016 (Doc. 12), adopting the findings and recommendation in full.  On March 17, 2016, Plaintiff filed a motion which appears to seek reconsideration of the order denying his application to proceed *in forma pauperis*.  (Doc. 13.)

   Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ."  *Id.* (internal quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

Plaintiff has not shown any new or different facts or circumstances, newly discovered evidence, or an intervening change of law to support his motion. Plaintiff errantly argues that 42 U.S.C. § 1983 and, concomitantly 28 U.S.C. § 1915, only apply to actions brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971), which provides a remedy for violation of civil rights by federal actors. Plaintiff argues that neither 42 U.S.C. § 1983, nor 28 U.S.C. § 1915 apply to this action such that his application to proceed *in forma pauperis* should be granted.

As correctly stated in the January 27, 2016 findings and recommendations, 28 U.S.C. § 1915 applies to all civil actions brought by prisoners. Plaintiff errantly attempts to avoid application of § 1915 by asserting that this is a "statutory action" and not a "civil action." However, any action brought by a prisoner for violation of a statute is a "civil action" for purposes of § 1915.

Having carefully considered this matter, the Court finds the order denying Plaintiff's application to proceed *in forma pauperis* to be supported by the record and proper analysis.

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for reconsideration of the order denying his application to proceed *in forma pauperis*, filed March 17, 2016 (Doc. 13), is DENIED.
IT IS SO ORDERED.

Dated:   **April 27, 2016**          /s/ Lawrence J. O'Neill
                              UNITED STATES DISTRICT JUDGE